# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RICK RUSSEL, JR., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BIG V FEEDS, INC., and TERRY § <br> DELMER PRATER, § <br> § <br> Defendants. § | Civil Action No. 4:23-CV-622 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses (Dkt. #48). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses should be **GRANTED.**

### BACKGROUND

This case is for personal injury damages from a collision Plaintiff Rickie Russell, Jr. (Russell) and a vehicle 18-wheeler that Defendant Terry Delmer Prater ("Prater") drove (Dkt. #48 at p. 1). Russell, an employee of Tim Anthony Services, LLC ("TAS"), was a member of a work crew on a freeway trash clean-up project on a highway (Dkt. #48 at p. 1). On August 13, 2021, Prater crashed an 18-wheeler that he drove into Russell's work crew (Dkt. #481 at p. 1). Russell claims that "the work vehicles [of the work crew] had an array of signs and strobe lights on them, and were spaced apart in such a way as to alert oncoming motorists that the left travel lane was closed ahead due to the work crew and to move over" (Dkt. #48 at p. 4) (citing Dkt. #48,

Exhibit 1 at pp. 7–14).[1] Further, Russell claims that "[h]e was on the shoulder between the concrete wall and the convoy vehicles as he loaded a piece of tire into the work trailer when Prater hit the crew, not in the travel lane blocking or obscuring traffic" (Dkt.#48 at p. 4) (citing Dkt. #48, Exhibit 1 at pp. 25–26) This collision seriously injured Russell by pinning him between two vehicles (Dkt. #41 at p. 1).

On August 5, 2023, Russell brought suit against Prater and his employer, Defendant Big V Feeds, Inc., for negligence (Dkt. #2). Russell later amended his complaint to add a claim of gross negligence (Dkt. #51). In their answer, Defendants asserted multiple affirmative defenses, including that:

> Plaintiff's claims for damages are barred, in whole or in part, under the doctrine of comparative responsibility to the extent Plaintiff's own conduct and negligent acts and/or omissions proximately caused the subject incident and alleged damages.
>
> [t]he negligent acts and/or omissions of Tim Anthony Services, LLC, and their employees and agents who were acting within the course and scope of their employment and agency, proximately caused the subject incident and Plaintiff's damages and injuries. Tim Anthony Services, LLC, is a third party for whom Defendants had no control and are not liable.

(Dkt. #11 ¶¶ 29–30). Defendants have designated TAS as a responsible third party (Dkt. #16; Dkt. #17). According to Defendants "TAS breached [its] duty by failing to exercise ordinary care in the hiring, training, and supervision of Russell" (Dkt. #16 ¶ 1.5). Specifically, Defendants claim that "TAS failed to provide proper safety manuals and instructions to [Russell], failed to properly train [Russell] in the safe operation of the highway trash clean up project, and failed to properly supervise Plaintiff in performing his duties during the highway trash clean up project" (Dkt. #16

---

[1] The Court takes this fact "as admitted to exist without controversy" because Russell claims this fact exists, supports it with admissible evidence, and Defendants did not file a responsive brief. *See* Local Rule CV-56(c).

¶ 1.5). Additionally, Defendants argue that "[t]he above acts and/or omissions by TAS were a contributing proximate cause to the occurrence in question" (Dkt. #16 ¶ 2.6).

On April 17, 2024, Russell filed the present motion for summary judgment (Dkt. #48). Russell argues that the Court should grant summary judgment in his favor regarding Defendants' previously listed affirmative defenses because no evidence indicates that a genuine issue of material fact exists (Dkt. #48). Defendants did not file a response.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward

with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence."

"A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Id.* "[W]here no response has been filed, the Court may properly take as undisputed those facts set forth in the statement of undisputed facts contained within a motion for summary judgment." *Bradley v. Chevron U.S.A.,*

4

*Inc.*, No. Civ. A. 2:04-CV-092-J, 2004 WL 2847463, at *1 (N.D. Tex. Dec. 10, 2004) (citing *Eversley v. MBank of Dall.*, 843 F.2d 172, 174 (5th Cir. 1988)). "In resolving the motion for summary judgment, the [C]ourt will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence." Local Rule CV-56(c).

## ANALYSIS

The Court must address two issues. First, the Court considers whether a genuine issue of material fact exists regarding Russell's proportionate responsibility, particularly the elements of breach of duty and proximate causation. Second, the Court considers whether a genuine issue of material fact exists regarding TAS's proportionate responsibility, also particularly the elements of breach of duty and proximate causation.

In every cause of action based in tort under Texas law, the trier of fact is required to apportion responsibility among each claimant, defendant, settling person, and "responsible third party." TEX. CIV. PRAC. & REM. CODE §§ 33.002(a)(1), 33.003(a); *accord Challenger Gaming Sols., Inc. v. Earp*, 402 S.W.3d 290, 292 (Tex. App.—Dallas 2013, no pet.) (acknowledging that the proportional responsibility statute applied to "claims for negligence, fraud, products liability, and any other conduct that violates an applicable legal standard") (internal quotations omitted). "Proportionate responsibility is a defensive issue on which [Defendants] bear[] the burden of proof." *Harris Cnty. v. Coats*, 607 S.W.3d 359, 393 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 210 (Tex. 2015)). A responsible third party is defined as follows:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

TEX CIV. PRAC. & REM. CODE § 33.011(6). The purpose of § 33.004 is to allow the trier of fact to allocate responsibility among all persons responsible for a claimant's injuries, "regardless of whether they are subject to the court's jurisdiction or whether there is some other impediment to the imposition of liability on them." *Galbraith Eng'g Consultants Inc. v. Pochucha*, 290 S.W.3d 863, 869 n.6 (Tex. 2009) (quoting 19 DORSANEO, TEXAS LITIGATION GUIDE § 291.03(2)(b)(i)(2009)).

For a no evidence summary judgment motion, like the one here, Rule 56(c) places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. See *Celotex*, 477 U.S. at 323. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992), cert. denied, 506 U.S. 832 (1992). If Russell carries this burden, then Defendants have the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).

I.  **Russell's Proportionate Responsibility**

Defendants have not carried their burden of coming forward with specific facts showing that there is a genuine issue for trial regarding Russell's proportionate responsibility.

Russell argues that Defendants have not and cannot produce evidence indicating that Russell breached his duty of care or that Russell's conduct proximately caused his own injuries (Dkt. #48 at pp. 3–5). Rather, Russell notes that "[h]e was on the shoulder between the concrete wall and the convoy vehicles as he loaded a piece of tire into the work trailer when Prater hit the crew, not in the travel lane blocking or obstructing traffic" (Dkt. #48 at p. 4) (citing Dkt. #48, Exhibit 1 at pp. 25–26). Further, Russell notes that "the work vehicles had an array of signs and strobe lights on them, and were spaced apart in such a way as to alert oncoming motorists that the left travel lane was closed ahead due to the work crew and to move over" (Dkt. #48 at p. 4) (citing Dkt. #48, Exhibit 1 at pp. 7–14).

Based on this conduct, Russell asserts that "Defendants cannot show [that] a reasonably careful person in Plaintiff's position would (or could) have used a degree of care any different under the circumstances to avoid the ultimate harm brought on by Defendant Prater's actions" (Dkt. #48 at p. 4). Additionally, Russell claims that "nothing in this record indicates [Russell's] conduct somehow foreseeably caused [] Prater to drive his truck out of his lane and into the work crew" (Dkt. #48 at pp. 4–5).

Russell has carried his burden and now Defendants have the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. By not responding, Defendants failed to supply any facts or evidence which would show that Russell breached his duty of care or that Russell's conduct proximately caused his own

7

injuries. Nor is the Court aware of any such facts or evidence. Accordingly, Therefore, Russell has met his burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law regarding Russell's proportionate responsibility.

## II. TAS's Proportionate Responsibility

Defendants have not carried their burden of coming forward with specific facts showing that there is a genuine issue for trial regarding TAS's proportionate responsibility.

Russell asserts that Defendants have not and cannot produce evidence indicating that TAS breached its duty of care or proximately caused Russell's injuries (Dkt. #48 at pp. 5–7). Russell claims that TAS has very thoroughly trained Russell:

> on the role, operation, safe spacing, and ordering of each convoy work vehicle, how to operate the warning signs and lights mounted to them alerting passing motorists of the work crew, use of proper reflective safety vests and other gear, instructed the Plaintiff every day on how to otherwise be safe and aware of the surrounding dangers out on the roadways, and more.

(Dkt. #48 at p. 6) (citing Dkt. #48, Exhibit 1 at pp. 4–6, 14–22). Russell argues that Defendants have produced no evidence indicating that TAS breached its duty of care by improperly training Russell (Dkt. #48 at p. 6).

Additionally, Russell attacks the element of causation, claiming that even if TAS improperly trained or supervised Russell, that breach did not "caus[e] Prater to run his truck out of his lane and into TAS's work crew" (Dkt. #48 at p. 7).[2] Again, Russell asserts that Defendants cannot produce evidence to prove this element (Dkt. #48 at p. 7).

---

[2] The element of causation extends to the injury-causing and occurrence-causing conduct, not just "Prater run[ning] his truck out of his lane and into TAS's work crew." *See Nabors Well Servs., Ltd. v. Romero*, 456 S.W.3d 553, 564 (Tex. 2015); TEX. CIV. PRAC. & REM. CODE § 33.003(a).

Russell has carried his burden and now Defendants have the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. By not responding, Defendants failed to supply any facts or evidence which would show that TAS breached its duty of care or proximately caused Russell's injuries. Nor is the Court aware of any such facts or evidence. Accordingly, Therefore, Russell has met his burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law regarding TAS's proportionate responsibility.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses (Dkt. #48) is hereby **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** this 22nd day of July, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE