# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| RICKIE RUSSELL, JR., § § *Plaintiff,* § § v. § § BIG V FEEDS, INC. and TERRY DELMER § PRATER, § § *Defendants.* § | Civil Action No. 4:23-cv-622 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Exclude Vishal Patel (Dkt. #59). Having considered the relevant pleadings, the Court finds that Plaintiff's Motion should be **DENIED**.

## BACKGROUND

The facts of this case are more fully set out in the Court's Order entered on July 22, 2024 (*see* Dkt. #65). Briefly, Plaintiff Rickie Russell, Jr. ("Russell) alleges that, on August 13, 2021, Terry Delmer Prater ("Prater") crashed an 18-wheeler truck into Russell's roadside work crew (Dkt. #48 at p. 1). Russell claims he was pinned between two vehicles and suffered serious injuries as a result of that motor vehicle collision (Dkt. #48 at p. 1). Russell now brings suit against Defendants Prater and Big V Feeds, Inc. and (collectively, "Defendants") for the injuries he sustained (Dkt. #48 at p. 1).

As part of their defense, Defendants retained Vishal Patel, M.D. ("Dr. Patel") to offer expert testimony (*see* Dkt. #78 at p. 9). On February 12, 2024, Defendants served their Expert Witness Designations (Dkt. #78 at p. 2). On July 15, 2024, Russell filed his Motion to Exclude

Vishal Patel (Dkt. #59). On July 29, 2024, Defendants filed their Response in Opposition to Plaintiff's Motion to Exclude Vishal Patel, M.D. (Dkt. #78).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony if the proponent demonstrates to the Court that it is more likely than not that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." FED. R. EVID. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific

testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Russell moves to exclude Dr. Patel's testimony because: 1) Dr. Patel lacks proper qualifications as an expert; and 2) his methodology is unreliable (Dkt. #59 at p. 2–3). The Court will consider each argument in turn.

3

## I. Dr. Patel has sufficient qualifications to serve as an expert.

First, Russell argues that Dr. Patel lacks the requisite qualifications to serve as an expert in the present case because he "has never physically examined Mr. Russell, listened to his complaints, and would not even recognize Mr. Russell if he was standing across the hall from him" (Dkt. #59 at p. 3).

"It is the role of a retained expert physician to examine a patient's medical files and reach a conclusion about the diagnosis." *Koen v. Monsanto Co.*, No. 1:22-CV-209-RP, 2024 WL 2948652, at *16 (W.D. Tex. June 11, 2024). Indeed, "[a] qualified physician reviews medical records and conclusions from other physicians, and then draws their own opinion from those records and conclusions." *Id.* Russell seems to contend that because Dr. Patel did not treat Russell, Dr. Patel is not qualified to serve as a retained expert physician. However, that cannot be the case. To hold otherwise would be to exclude all retained expert physicians. *Id.*

To qualify as an expert, "the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004). "A proffered expert witness is qualified to testify by virtue of his or her 'knowledge, skill, experience, training, or education.'" *Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460, 467 (E.D. Tex. 2013) (quoting FED. R. EVID. 702). After reviewing Dr. Patel's curriculum vitae (Dkt. 78 at p. 13–16), the Court is satisfied with Dr. Patel's education, training and experience to qualify him to offer his opinion on Russell's alleged personal orthopedic injuries and the reasonableness and necessity of Russell's medical treatment.

## II.     Dr. Patel's methodology is reliable.

Russell next argues that Dr. Patel "has provided zero methodology to support how he came to his conclusion" and that there is a "significant analytical gap in [Dr.] Patel's approach" (Dkt. #59 at p. 2). In response, Defendants argue that Dr. Patel's methodology is based upon reliable facts and evidence and is thus reliable (Dkt. #78 at p. 5).

After reviewing Dr. Patel's expert report, the Court finds that his methodology is reliable. "The role of district courts at this juncture is to ensure relevance and reliability, not accuracy." *Scrum All., Inc. v. Scrum, Inc.*, No. 4:20-CV-227, 2021 WL 1691136, at *2 (E.D. Tex. Apr. 29, 2021). Dr. Patel identified the medical records for Russell that he reviewed and then summarized those records in detail in his report (*see* Dkt. 78 at p. 9–10). Thereafter, he applied his education, training, experience, and knowledge of the medical facts within the medical records to reach his opinions regarding Russell's personal orthopedic injuries and necessity of medical treatment in reasonable medical probability (*see* Dkt. #79 at p. 10–11). Therefore, Dr. Patel has sufficiently described his methodology and has adequately supported his opinions such that his methodology is reliable.

Additionally, Russell argues that Dr. Patel's methodology is not reliable because "[a] diagnosis typically involves a physician physically examining a patient, to which there is no argument that [Dr.] Patel did not examine Mr. Russell" (Dkt. #59 at p. 3). However, as discussed *supra*, a retained expert physician's role is to "examine a patient's medical files and reach a conclusion about the diagnosis." *Koen*, 2024 WL 2948652, at *16. This method is not inherently unreliable. *Id.*

5

## CONCLUSION

It is **ORDERED** that Plaintiff's Motion to Exclude Vishal Patel (Dkt. #59) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 16th day of August, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE