# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RICKIE RUSSELL, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | |
| | § | CASE NO. 4:23-CV-622 |
| BIG V. FEEDS, INC. & TERRY | § | Judge Mazzant |
| DELMER PRATER, | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION & ORDER</u>

Pending before the Court are Defendants' Motion to Ex[c]lude or Limit Plaintiff's Expert Chaitanya Bonda's Testimony (Dkt. #26), Defendants' Motion to Ex[c]lude or Limit Plaintiff's Expert Andrew Indresano's Testimony (Dkt. #27), and Defendants' Motion to Strike Plaintiff's Non-Retained Expert Designations (Dkt. #57). Having considered the Motions, the arguments of counsel, and applicable law, the Court determines as follows. Defendants' Motion to Ex[c]lude or Limit Plaintiff's Expert Chaitanya Bonda's Testimony (Dkt. #26) is **DENIED as moot.** Defendants' Motion to Ex[c]lude or Limit Plaintiff's Expert Andrew Indresano's Testimony (Dkt. #27) is **DENIED as moot.** Defendants' Motion to Strike Plaintiff's Non-Retained Expert Designations (Dkt. #57) is **GRANTED in part and DENIED in part.**

## BACKGROUND

This case is set for a jury trial on October 29, 2024. To dispose of the instant Motions, the Court need not repeat the entire history of this case. Instead, as relevant here, the Court summarizes Plaintiff's Expert Disclosures and the relevant procedural history leading up to these Motions. On August 28, 2023, Plaintiff served upon Defendants his Initial Disclosures (Dkt #26 at

p. 2). On November 21, 2023, Plaintiff served upon Defendants his Designation of Expert Witnesses (Dkt. #26 at p. 2). Plaintiff designated Chaitanya Bonda, M.D., and Andew Indresano, M.D. as non-retained experts, among other medical providers (Dkt. #32-1 at pp. 14–16). On January 1, 2024, Defendants filed their Motion to Ex[c]lude or Limit Plaintiff's Expert Chaitanya Bonda's Testimony (Dkt. #26). On the same day, Defendants filed their Motion to Ex[c]lude or Limit Plaintiff's Expert Andrew Indresano's Testimony (Dkt. #27). Plaintiff responded to the latter, but not the former (Dkt. #32). On July 15, 2024, Defendants filed their Motion to Strike [All of] Plaintiff's Non-Retained Expert Designations (Dkt. #57). Plaintiff responded on July 19, 2024 (Dkt. #64). Plaintiff continued to supplement his disclosures, and, to date, has filed eight supplemental disclosures (Dkt. #113).

In this challenge (Dkt. #57), Defendants take a broader approach, challenging *all* of Plaintiff's Expert Designations on the same grounds as their challenges to Dr. Bonda and Dr. Indresano. Specifically, Defendants ask the Court to strike the "forty individual medical providers" that Plaintiff treats as non-retained experts, including Dr. Bonda and Dr. Indresano (Dkt. #57 at p. 4). By the Court's count, Plaintiff designated thirty-one individual witnesses, one of whom is a Corporal of Howe Police Department who did not provide Plaintiff with medical care (Dkt. #64-1, at pp. 3–17). Given the overlap between all three motions, a ruling on Defendants' final challenge (Dkt. #57) will resolve Defendants' prior challenges, rendering them moot (Dkt. #26; Dkt. #27).

The issue centers around the adequacy of Plaintiff's Expert Designations. Plaintiff's Designations classify every medical provider as a non-retained expert (Dkt. #64-1 at pp. 3–17). Plaintiff contends that each of them qualify as a treating physician and, therefore, may testify to

matters concerning the scope of the treatment they offered Plaintiff, the necessity of that treatment, its attendant costs, and the cause of Plaintiff's injuries (*See* Dkt. #64-1 at pp. 3–17).

Defendants disagree. They argue that Plaintiff's Disclosures are improper on three bases. First, Defendants contend that all thirty-one of Plaintiff's "non-retained" experts are actually retained experts. Thus, according to Defendants, Plaintiff's Expert Disclosures lack the requisite expert report under Rule 26(a)(2)(B). Second and relatedly, Defendants assert that "no medical provider designated by Plaintiff is qualified to present testimony of causation" because they must be "designated as [a] retained expert[ ] in order to give an opinion on causation" (Dkt. #57 at pp. 6–7). Third and alternatively, Defendants argue that if an expert report is unnecessary, the summary of facts forming the bases of the doctors' opinions included in Plaintiff's Designations are too terse to satisfy Rule 26(a)(2)(C) (Dkt. #57 at pp. 4–6). As a result, Defendants seek to limit or altogether exclude the testimony of every medical provider or, in the alternative, compel Plaintiff to produce a report for each provider (Dkt. #57).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. The Rule contains different disclosure requirements according to the characterization of the witness. Rule 26(a)(2)(B) applies to witnesses "retained or specially employed to provide expert testimony in the case or [those] whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). The Federal Rules require disclosure of these retained experts to be accompanied by a report containing (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the

witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. FED. R. CIV. P. 26(a)(2)(B). Other experts, known as non-retained experts, need not submit an expert report. Instead, Rule 26(a)(2)(C) simply requires a non-retained expert disclosure to state (i) the subject matter on which the witness is expected to present evidence; and (ii) a summary of the facts and opinions to which the witness is expected to testify. FED. R. CIV. P. 26(a)(2)(C).

## ANALYSIS

Defendants challenge the propriety of Plaintiff's Expert Designations under Federal Rule of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C). The first question is whether Plaintiff's experts, as treating physicians, are non-retained experts who need not submit an expert report under Rule 26(a)(2)(B). As discussed below, they are. Thus, the second related question is to what, as non-retained experts, they may testify. *See infra* Section I.

Because the Court concludes that all of Plaintiff's experts are properly designated as non-retained experts, the Court must next address whether Plaintiff's Expert Designations comply with Rule 26(a)(2)(C). As addressed in Section II, the Court concludes that Plaintiff's Designations do not fulfill Rule 26(a)(2)(C)'s fundamental requirements. *See infra* Section II. Accordingly, the final issue the Court must grapple with is the appropriate remedy to cure the inadequacies of Plaintiff's Designations. *See infra* Section III. In short, the Court concludes that the defects in Plaintiff's Designations must be cured, but do not necessitate a continuance. *See infra* Section III.

### I.     Plaintiff's Expert Designations and the Scope of their Testimony

As written, the vast majority of Plaintiff's experts appear to be properly designated as non-retained experts. But portions of Plaintiff's Expert Designations suggest that Plaintiff intends to use some non-retained experts to testify as the functional equivalent of a retained expert. Thus, this analysis proceeds in two parts. First, the Court parses through Plaintiff's Designations to ascertain whether Plaintiff's experts are properly designated. Second, the Court addresses the scope of permissible topics to which these witnesses may testify.

### A.  Plaintiff's Experts are Properly Designated as Non-Retained

"The distinction between retained and non-retained experts should be interpreted in a common sense manner." *DiSalvatore v. Foretravel, Inc.*, No. 9:14-CV-00150-KFG, 2016 WL 7742996, at *2 (E.D. Tex. May 20, 2016) (citations omitted). "A retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, is recruited to provide expert opinion testimony." *Id.* A witness is "specially employed" under Rule 26(a)(2)(B) when "he has no personal involvement in facts giving rise to the litigation, but is engaged to provide opinion testimony, regardless of whether he is compensated or simply volunteers." *Diamond Consortium, Inc. v. Manookian*, No. 4:16-CV-00094, 2017 WL 2936218, at *2 (E.D. Tex. July 10, 2017). In contrast, a non-retained expert's testimony under Rule 26(a)(2)(C) "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to litigation." *Id.* (quoting *DiSalvatore*, 2016 WL 7742996 at *2).

In the context of treating physicians, the same is true, though the distinction between a non-retained expert and a retained or specially employed expert is more gray. Generally, "treating physicians are not required to comply with the report requirement of Rule 26(a)(2)(B)." *Stewart*

5

*v. Hankins*, No. 4:15-CV-586, 2016 WL 7972907, at \*2 (E.D. Tex. Oct. 27, 2016) (quoting *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 501 (S.D. Tex. 2008)). That makes sense because "the testimony of a treating physician is generally confined to those facts or data the physician learned during actual treatment of the plaintiff." *Id.* (citing *Kim*, 267 F.R.D. at 501). For this so-called "treating physician exception" to Rule 26's expert report requirement to apply, "'the proposed witness must be able to base their testimony upon personal knowledge acquired during treatment.'" *Id.* (quoting *McIntyre v. Hous. Auth. of New Orleans*, No. 1401641, 2015 WL 5083503, at \*5 (E.D. La. Aug. 27, 2015)). "Courts require a party seeking to avoid producing a full expert report to show the proposed expert is not required to submit a report." *Diamond Consortium*, 2017 WL 2936218, at \*2 (quoting *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-00133-O, 2014 WL 3744976, at \*7 (N.D. Tex. July 30, 2014)). Plaintiff has met his burden here.

In this case, there can be no dispute that Plaintiff has properly designated each of his witnesses as non-retained expert witnesses. Indeed, tacit in Rule 26 is the flexibility for a party to determine what type of expert witnesses it may call at trial. *See generally* FED. R. CIV. P. 26. Here, whether Plaintiff properly designated his experts as non-retained turns on whether they are treating physicians. *See Stewart*, 2016 WL 7972907, at \*2. They are. As Defendants concede in their Motion, the list of Plaintiff's proffered experts "includes physicians, surgeons, nurses, paramedics, radiologists, anesthesiologists, chiropractors, and physical therapists *that treated or saw Plaintiff*" (Dkt. #57 at p. 4) (emphasis added). In fact, the only non-designated expert who did not treat Plaintiff is Corporal David Morris of the Howe Police Department, who Defendants do not challenge (Dkt. #64 at p. 17). Thus, Plaintiff's Designations are proper. The next question, then, is the scope of Plaintiff's experts' testimony.

### B.  Appropriate Scope of Testimony

The appropriate scope of a non-retained expert's testimony is far more limited than that of a retained or specially employed expert. If a treating physician is to testify to anything beyond that which the witness perceived during the course of treatment, Rule 26(a)(2)(B) mandates the production of an expert report prior to trial. *See* FED. R. CIV. P. 26(a)(2)(B). Indeed, "at that point, the expert is 'specially employed' within the meaning of Rule 26(a)(2)(B)." *Stewart*, 2016 WL 7972907, at *2 (citing *Lee v. Valdez*, No. 3:07-CV-1298-D, 2008 WL 4287730, at *4 (N.D. Tex. Sept. 18, 2008); *Lowery v. Spa Crafters, Inc.*, No. Civ.A.SA03CA0073-XR, 2004 WL 1824380, at *2 (W.D. Tex. Aug. 16, 2004) ("[W]hen a physician's proposed testimony is developed in anticipation of trial, the treating physician becomes an expert from whom an expert report is required.") (citations omitted)).

Almost all of Plaintiff's Expert Designations indicate that Plaintiff intends to elicit testimony from his experts regarding the same thing: "[m]edical issues, injury causation, and medical billing" (Dkt. #64-1 at pp. 3–17).[1] This is the traditional province of non-retained treating physicians. *See Stewart*, 2016 WL 7972907, at *2 (citations omitted).

While Defendants contend that "no medical provider designated by Plaintiff is qualified to present testimony of causation" because they must be "designated as retained experts in order to give an opinion on causation" (Dkt. #57 at pp. 6–7), that argument lacks a basis in law. Every medical provider Plaintiff designated—as a treating physician—may testify to the issue of causation notwithstanding the lack of a report because each doctor qualifies as a non-retained expert. *Meier v. UHS of Delaware, Inc.*, No. 4:18-CV-00615, 2020 WL 923952, at *9 (E.D. Tex.

---

[1] This does not include Corporal David Morris of the Howe Police Department, the testimony of whom Defendants do not challenge.

Feb. 26, 2020). "As such, they 'may opine as to the causation of a plaintiff's injuries and a plaintiff's prognosis as long as [they] formed those opinions based on [their] personal knowledge and observations obtained during the course of care and treatment.'" *McCord v. United States*, No. 4:22-CV-00251, 2024 WL 2922978, at *4 (E.D. Tex. June 10, 2024) (quoting *Kim*, 267 F.R.D. at 502). If any expert witness goes "beyond what [they] personally saw and did and why as a treating physician . . . and opine[s] about causation, prognosis or disability *not* part of [their] treatment," that testimony would be impermissible. *Id.* (citing *Meier*, 2020 WL 923952, at *9 (quoting *Tolan v. Cotton*, No. H–09–1324, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015) (emphasis added))). But Defendants may object to that type of impermissible testimony as it arises. Accordingly, the Court will not exclude or limit the experts' testimony any further.

Next, Defendants assert that Plaintiff's experts cannot testify to the propriety of the billing practices of other providers and the necessity of treatment offered to Plaintiff by other providers (Dkt. #57 at p. 5). As written, Plaintiff's designations suggest that Plaintiff intends for his experts to "testify to the reasonableness of other facilities' bills and the necessity of treatment provided by other medical providers" (Dkt. #64-1 at pp. 4–17). While Plaintiff offers no direct rebuttal to this issue, Plaintiff generally cites *Cantu v. Wayne* as instructive on the appropriate scope of a non-retained expert's testimony (Dkt. #64 at pp. 7–8). The Court agrees that it is instructive. But that case lays the axe at the feet of Plaintiff's position that his experts may testify to the care and billing of other providers. In *Cantu*, defendants in a personal injury lawsuit sought to exclude or limit testimony from the plaintiff's surgeon, who was tendered as a "'non-retained expert' and 'treating medical provider.'" 487 F. Supp. 3d 578, 580 (W.D. Tex. Sept. 16, 2020). The district court found that "there [was] nothing to indicate that [the surgeon] expressed opinions on facts that he would

not have otherwise observed in his ordinary treatment of [the] plaintiff." *Id.* at 583. Thus, the Court rejected the challenge. *Id.* at 584.

But Plaintiff misses the core holding of *Cantu*. There, as Plaintiff notes, "the defendants challenged the plaintiff's surgeon's opinions on the cause of her injuries and reasonable charges for the surgery *he performed*" (Dkt. #64 at p. 7) (citing *Cantu*, 487 F. Supp. 3d at 584–84) (emphasis added). While the district court in *Cantu* permitted the surgeon to testify to *his* opinions based on *his* treatment and its attendant costs, Plaintiff's intended use of his experts regarding the practices of *other* providers arise from "facts that [they] would not have otherwise observed in [their] ordinary treatment of [Plaintiff]" (Dkt. #64 at p. 7) (quoting *Cantu*, 487 F. Supp. 3d at 584–84). That is impermissible. *See Stewart*, 2016 WL 7972907, at *2. Thus, given Plaintiff's Designations under these facts, Plaintiff's experts may not testify regarding another provider's billing practices for treatment not yet rendered or the necessity of that provider's care.

Finally, Defendants take issue with the fact that "Plaintiff's designation of six providers states 'they may also testify as to any future care required by [Plaintiff]'" (Dkt. #57 at p. 5). But Defendants overlook the fact that a patient's future care may fall within the scope of a treating physician's recommendations. Indeed, "[n]o written report is required from a treating physician if his testimony 'as to . . . future treatment . . .' is based on knowledge gained from the course of treatment." *Mattingly v. Home Depot U.S.A., Inc.*, No. 1:08-CV-341, 2009 WL 10676567, at *4 (E.D. Tex. Aug. 4, 2009) (internal citations omitted). "Opinions of treating physicians as to the cause of an injury or degree of future injury based on an examination of the patient 'are a necessary part of the treatment of the patient.'" *Id.* (internal citations omitted). Thus, to the extent that Plaintiff's experts will testify, as Plaintiff's Designations suggest, "to any future care required by

[Plaintiff]," such testimony is proper. *See id.* Once more, Defendants may object to testimony that exceeds the scope of the expert's first-hand knowledge at trial as it arises. Accordingly, the Court will not exclude or limit the experts' testimony any further.

In short, Plaintiff's experts may testify to causation, the care that they provided Plaintiff, the necessity of that care, and the reasonableness of their own medical bills. If any witness's testimony goes beyond what that witness personally saw, did, or concluded as Plaintiff's treating physician, Defendants may object at trial pursuant to this Order. And to reiterate, given Plaintiff's Designations under these facts, Plaintiff's non-retained experts may not testify regarding another provider's billing practices for treatment not yet rendered or the necessity of that provider's care.

## II.   Adequacy of Plaintiff's Rule 26(a)(2)(C) Summary

Having determined that Plaintiff's experts are properly designated as non-retained and having defined the contours of those experts' testimony, the Court next must assess whether Plaintiff's Expert Designations comply with Rule 26(a)(2)(C). Defendants maintain that if Plaintiff's experts are treated as non-retained experts, the summary of facts forming the basis of their opinions is too cursory to satisfy Rule 26(a)(2)(C). Specifically, Defendants complain that Plaintiff's reference to "billing and medical records" does not provide a meaningful summary of the facts and opinions forming the basis of Plaintiff's non-retained experts' testimony (Dkt. #57 at pp. 4–6). Indeed, Rule 26(a)(2)(C) mandates that Plaintiff's Disclosures include "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C).

Here, "[P]laintiff's disclosures largely repeat the same boilerplate summary for each [non-retained expert]." *Vargas v. United States*, No. 5-21-CV-01277-FB-RBF, 2024 WL 1235593, at *5 (W.D. Tex. Feb. 12, 2024). Namely, each Designation states, "please refer to the medical records

and bills" in an effort to summarize the basis of each witness's opinion (Dkt. #64-1 at pp. 3–17). Such a global statement might prompt one to ask, "which medical records and bills?" Neither Defendants nor the Court know. "Such boilerplate language does little to fulfill the purpose of the Rule 26(a)(2)(C) disclosures—facilitating effective cross examination." *See Vargas*, 2024 WL 1235593, at *5 (citing *Hoover v. United States Dep't of the Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980)). Hence, the problem. Rule 26(a)(2)(C) requires more.

Plaintiff has two options. First, Plaintiff may indicate to Defendants which of his non-retained experts he will not call at trial. Second and in the alternative, Plaintiff may bring his Expert Disclosures into compliance with Rule 26 and refine his Expert Designations with a more meaningful summary of the facts and opinions forming the basis of their testimony by **5:00 p.m. on October 22, 2024**. "And—to be clear—these supplemental disclosures are intended to *sharpen the focus* and *narrow* the over-broad boilerplate disclosures already provided." *Vargas*, 2024 WL 1235593, at *7. As they stand now, Plaintiff's designations do just the opposite. Plaintiff claims that the billing and medical records contain the facts underlying Plaintiff's expert's opinions. Should Plaintiff elect this latter option, Plaintiff will be held to that statement.

## III.    The Appropriate Remedy

Because Plaintiff's Designations are insufficient, the Court is confronted with the question of what to do on the eve of trial. When the Court finds an expert disclosure is insufficient, it "must determine the appropriate remedy." *Avneri v. Hartford Fire Ins. Co.*, No. 4:16-CV-00917, 2017 WL 4517955, at *3 (E.D. Tex. Oct. 10, 2017). "In determining whether to exclude an untimely designated witness, courts balance four factors: (1) the explanation for failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing testimony; and (4)

the availability of a continuance to cure such prejudice." *Id.* (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Here, these factors do not weigh in favor of exclusion. Plaintiff identified all of his experts as non-retained (Dkt. #64 at pp. 3–17). Thus, the first factor is inapplicable. As to the second and third factors, Defendants may suffer some prejudice from a late-in-the-game disclosure, but the Court recognizes that the importance of the testimony of Plaintiff's experts outweighs any prejudice. Moreover, the medical records relevant to this dispute are not voluminous. The content of Plaintiff's amended summary should not come as a surprise to Defendants. Indeed, Defendants have had ample time to review the 2,279 records in preparation for trial, which fast approaches. Thus, any prejudice Defendants suffer is no more than *de minimis*. Fourth and finally, this Court, being one of the busiest in the Eastern District, cannot continue this case any longer. This case has been pending for over a year, with a pretrial conference scheduled for October 21, 2024. Further, the Court has already continued this case once before. Accordingly, this case will proceed to trial on schedule.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Ex[c]lude or Limit Plaintiff's Expert Chaitanya Bonda's Testimony (Dkt. #26) is **DENIED as moot.** Defendants' Motion to Ex[c]lude or Limit Plaintiff's Expert Andrew Indresano's Testimony (Dkt. #27) is **DENIED as moot.** Defendants' Motion to Strike Plaintiff's Non-Retained Expert Designations (Dkt. #57) is **GRANTED in part and DENIED in part.**

Plaintiff must either bring his disclosures into compliance with Rule 26 by **5:00 p.m. on October 22, 2024,** or **designate which of his non-retained experts he will not call at trial by 5:00 p.m. on October 22, 2024.**

**IT IS SO ORDERED.**

**SIGNED this 18th day of October, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

13